**In re WHITE FARM EQUIPMENT COMPANY, Debtor.**

**Misc. No. 83–82.**
**No. B80–3363.**

United States District Court,
N.D. Ohio, E.D.

April 22, 1983.

G. Christopher Meyer, Cleveland, Ohio, for debtor.

Robin E. Phelan, Haynes & Boone, Dallas, Tex., for petitioning creditors.

## ORDER

ANN ALDRICH, District Judge.

■ On April 1, 1983, the Sixth Circuit Court of Appeals held that this Court had the authority to vacate the Bankruptcy Court's approval of a Special Master appointed to handle disposition of the product liability cases in the White Motor bankruptcy proceeding. *White Motor Corporation v. Citibank, N.A., et al.*, 704 F.2d 254 (6th Cir.1983). In so holding, the Sixth Circuit interpreted and applied General Order 61, Emergency Rule for Bankruptcy Procedure, adopted by the Northern District of Ohio, effective December 25, 1982. The rule provides for the automatic initial referral to the bankruptcy courts of all cases arising under the Bankruptcy Act and all civil proceedings arising in or related to cases brought under Title 11. *Id.,* at 256. The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on the timely motion by a party. *Ibid.* The Sixth Circuit found that the reference may be withdrawn at any time for any reason. *Ibid.*

■ The Court of Appeals also held that: ... As a matter of good bankruptcy administration, we believe that the cases involving difficult legal and factual issues should, if practicable, be heard by a judicial officer, the District Court, the Bankruptcy Court or a U.S. Magistrate appointed as special master....

*Id.* at 265. This Court has determined that Sam Zingale, the Special Master appointed in the White Motor and White Farm proceedings, is not a judicial officer of the type specified by the Sixth Circuit. It has also determined that the product liability cases at issue in the bankruptcy proceedings involve difficult legal and factual issues. Accordingly, Zingale's continuing role as a special master in the bankruptcy proceedings violates the Sixth Circuit's holding in *White Motor Corp., supra.*

■ To insure that these product liability cases are handled in a manner consistent with "good bankruptcy administration", this Court is, on its own motion, withdrawing the reference to the bankruptcy judge of that portion of the White Farm Company bankruptcy reorganization dealing with the disposition of the product liability cases. Zingale's appointment as special master in the White Farm reorganization is hereby vacated, effective immediately.

■ This Order does not apply retroactively to the date of the special master's appointment. The United States Supreme Court's "prospective only" analysis in *Northern Pipeline Company v. Marathon Pipe Line,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) is applicable. Accordingly, the vacation of the special master's appointment does not affect the validity of his actions up until the date of entry of this Order.

■ The acts of the special master prior to this date are accorded *de facto* validity. *See, Buckley v. Valeo,* 424 U.S. 1, 142, 96 S.Ct. 612, 693, 46 L.Ed.2d 659 (1976). However, this *de facto* validity is limited in scope under *Insurance Corporation of Ireland, Ltd., et al. v. Compagnie des Bauxites,* 456 U.S. 694, n. 9, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492 (1982) and *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376–377, 60 S.Ct. 317, 319–320, 84 L.Ed. 329 (1940). Parties who have not objected to the special master's jurisdiction are precluded from now collaterally attacking his decisions. *Bauxites, supra* 102 S.Ct. at 2104, n. 9. Parties who objected to, and appealed from, the special master's jurisdiction may litigate their objections on appeal. Parties who did not object to the special master's subject matter jurisdiction have waived the issue and may not assert a collateral attack. *Chicot, supra* 308 U.S. at

377, 60 S.Ct. at 320. However, the special master's decisions, while *de facto* valid and *res judicata* in a collateral attack, are open to direct review.

This Court has jurisdiction in the White Farm reorganization by virtue of the appeals pending before it in case numbers C82–3209 and C83–1314. Another case, C82–3123, an appeal from the Bankruptcy Court's approval of the White Farm product liability claim disposition program, was dismissed on February 28, 1983. These cases, and all future appeals from the White Farm reorganization proceedings, are related cases pursuant to Local Rule 7.09(4)(d) (as amended), adopted by the Northern District of Ohio on April 12, 1983.

Consistent with the Sixth Circuit's opinion in *White Motor, supra,* this Court will conduct a hearing on June 29, 1983 at 2:00 p.m., to consider any proposals for disposition of product liability claims still pending. Parties may, in their discretion, file briefs which include:

1) short statements designed to familiarize this Court with the facts of the individual cases and the scope and complexity of the impact of the bankruptcy proceedings on the disposition of the claim;

2) current status of claims, *i.e.:* whether pending and on appeal from the bankruptcy court; pending and not appealed from the bankruptcy court; settled out of court; settled by the Special Master; tried in non-bankruptcy court without White Motor; proof of claim not filed by bar date or claim not filed and bar date not yet passed; or other status.

3) proposals for disposition of claims in a manner consistent with *White Motor Corp. v. Citibank, N.A., et al., supra.*

Briefs are to be submitted by June 20, 1983 and are limited to ten (10) pages.

IT IS SO ORDERED.